**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| **DWAYNE THRASHER,** | ) |
| | ) |
| | ) **Case No:** |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **SMALL BUSINESS ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

**PETITION FOR DECLARATORY JUDGMENT AND SPECIFIC PERFORMANCE**

**JURISDICTION AND VENUE**

COMES NOW Petitioner, by and through counsel, and for its Petition states as follows;

1. Plaintiff is a citizen of the United States residing in Macon County, Missouri.

2. Defendant is an agency of the United States Government.

3. Defendant is subject to jurisdiction in both the state and federal Court pursuant to 15 U.S.C. Section 634 b(1).

4. The subject matter of this case is a written promissory note entered into in Macon County, Missouri.

5. Jurisdiction and venue are proper in this Court.

## **GENERAL ALLEGATIONS**

6. Plaintiff applied for and was approved for a Economic Injury Disaster Loan (EIDL) related to the Covid-19 pandemic.

7. Plaintiff incorporates by reference as if fully stated herein Exhibit 1, which is a full and complete copy of the EIDL loan documents drafted by the Defendant and signed by the Plaintiff.

8. Pursuant to the terms of the loan agreement Defendant was to loan Plaintiff $500,000.00 pursuant to the terms of Exhibit 1.

9. Plaintiff incorporates by reference as if fully stated herein Exhibit 2, which is correspondence between the Defendant and Plaintiff indicating that loan funds had been distributed to Plaintiff.

10. The loan agreement described in Exhibit 1 became final and binding upon both parties upon funding of the loan by Defendant, which is admitted by Defendant in Exhibit 2.

11. Subsequent to the correspondence attached in Exhibit 2 Plaintiff contacted Defendant numerous times in writing and by telephone to resolve any outstanding issues.

12. Plaintiff was given a multitude of responses by the agents of the Defendant that varied day by day and agent to agent.

13. Defendant has never funded Plaintiff's EIDL despite an affirmative legal duty to do so.

14. Plaintiff has fully complied with the terms of the loan agreement.

15. Defendant has breached the agreement by failing to fund the loan agreement.

16. Plaintiff's damage is unique in that the EIDL program was created by the Congress and is not funding that is otherwise available from alternative lenders, and warrants the imposition of specific performance.

17. This action does not seek to materially impair the functions of the Defendant through attachment, garnishment, or other similar actions.

WHEREFORE, Plaintiff prays this Court to enter an order and judgment as follows;

1) Declaring that the loan agreement attached as Exhibit 1 is a binding loan agreement between Plaintiff and Defendant,

2) Declaring that the Plaintiff satisfied all of the conditions of the loan agreement,

3) Granting specific performance of the loan agreement in favor of the Plaintiff and against the Defendant.

Westerfeld Law Group, LLC

/s/Andrew A. Westerfeld #61123MO
Attorney for Plaintiffs
5933 S. Hwy 94, Suite 200
St. Charles, MO 63304
Telephone: 636-447-4456
Facsimile: 636-447-4472
E-mail: andrew@wlglawfirm.com