UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DWAYNE THRASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-CV-32 RHH |
| ) | |
| UNITED STATES SMALL BUSINESS ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States of America's Motion to Dismiss, or in the Alternative, Motion for Change of Venue, filed September 7, 2023. (ECF No. 8). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 10).

In order to fully understand the present proceeding, some background information regarding Plaintiff's litigation history in relation to his attempt to garner an Economic Injury Disaster Loan ("EIDL") is necessary. On or about August 19, 2022, Plaintiff filed a Petition for Specific Performance in the Circuit Court of Macon County, Missouri, naming the United States Small Business Administration ("SBA") as the sole Defendant. (*See Thrasher v. Small Business Administration*, Case No. 2:22CV00062 SPM (E.D. Mo.), ECF No. 4).[1] Plaintiff filed a First

---

[1] "This Court takes judicial notice of the foregoing prior litigation, the records of which are public and relate closely to the case at bar." *Allen v. Hester*, No. 1:21-cv-32-SNJL, 2021 WL 3206842, at *1 (E.D. Mo. Jul. 29, 2021) (citation omitted); *see also United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (internal quotation marks and citations omitted) (district court may "take judicial notice, whether requested or not…of its own records and files, and facts which are part of its public records…Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

Amended Petition for Specific Performance on August 29, 2022. (*Id.*, ECF No. 5). On September 6, 2022 the United States of America, on behalf of its agency the SBA, removed the case to this Court. (*Id.*, ECF No. 1).

In his First Amended Petition for Specific Performance, Plaintiff stated that the subject matter of the case was a written promissory note, for which he applied and was approved for an EIDL related to the COVID-19 pandemic. Pursuant to the loan agreement, Defendant was to loan Plaintiff $500,000.00. Despite Plaintiff's efforts to resolve outstanding issues, Defendant never funded Plaintiff's EIDL, even though Plaintiff allegedly complied fully with the terms of the loan agreement. Plaintiff asserted the United States Bankruptcy Court for the Eastern District of Missouri had approved his proposal to use the loan proceeds to finish his Chapter 12 bankruptcy plan, which would have paid general unsecured creditors. However, because Plaintiff was unable to complete his bankruptcy plan, he claimed damages in an amount close to five million dollars, the amount he owed his general unsecured creditors.

On October 3, 2022, the parties to the earlier action requested that the Court transfer the action to the United States Court of Federal Claims, because Plaintiff sought damages in an amount greater than $10,000.00. (*See* Case No. 2:22CV00062 SPM, ECF No. 8). Pursuant to 28 U.S.C. § 1491, the Court of Federal Claims has jurisdiction over the following claims:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Because Plaintiff sought specific performance of the loan agreement entered into with Defendant, United States Magistrate Judge Shirley P. Mensah of this Court found that the action must be transferred to the Court of Federal Claims. (*See* Case No. 2:22CV00062

2

SPM, ECF No. 10, citing *Mullally v. United States*, 95 F.3d 12, 14 (8th Cir. 1996) (actions against the United States founded upon a contract and exceeding $10,000.00 fall within the exclusive jurisdiction of the Court of Federal Claims)).  Judge Mensah therefore granted the parties' Consent Motion for Transfer of Venue, and transferred the action to the Court of Federal Claims.  The Court of Federal Claims eventually dismissed the lawsuit, however, because Plaintiff failed to prosecute or respond to orders to show cause.

On June 7, 2023, Plaintiff initiated the instant lawsuit in this Court.  Plaintiff's allegations are essentially the same as in his earlier action, with the only distinctions being as follows:

1) Plaintiff titles his action "Petition for Declaratory Judgment and Specific Performance", rather than "Petition for Specific Performance";

2) Plaintiff omits paragraphs sixteen through twenty of his earlier Petition, in which he discussed proceedings before the United States Bankruptcy Court for the Eastern District of Missouri;

3) Plaintiff inserts an allegation that his "damage is unique in that the EIDL program was created by the Congress and is not funding that is otherwise available from alternative lenders, and warrants the imposition of specific performance"; and

4) As relief, Plaintiff requests that the Court (a) declare that the loan agreement is binding between Plaintiff and Defendant, and that Plaintiff satisfied all the conditions of the loan agreement, and (b) grant specific performance of the loan agreement in favor of Plaintiff and against Defendant.

(*Compare* ECF No. 1 and Case No. 2:22CV00062 SPM, ECF No. 5).

"Under Missouri law, the elements of a claim for breach of contract are:  '(1) the existence of an enforceable contract between the parties, (2) mutual obligations under the terms of the contract, (3) one party's failure to perform the obligations imposed by the contract, and (4) the other party's thereby incurring damage.'" *Reeves v. 21st Century Centennial Ins. Co.*, No. 4:22-cv-00270-JAR, 2022 WL 2209412, at *2 (E.D. Mo. Jun. 21, 2022) (quoting *McClain v. Papka*, 108 S.W.3d 48, 53 (Mo. App. 2003)).  Here, Plaintiff claims he applied and was approved for an

EIDL, pursuant to which Defendant was to loan him $500,000.00.  (ECF No. 1, ¶¶ 6-8).  Plaintiff alleges Defendant never funded his EIDL, even though Plaintiff complied fully with the terms of the loan agreement.  (*Id.*, ¶¶ 13-14; *see also* ¶ 15 ("Defendant has breached the agreement by failing to fund the loan agreement.")).  Finally, despite carefully omitting a request for monetary damages, Plaintiff seeks "specific performance of the loan agreement in favor of the Plaintiff and against the Defendant."  (*Id.*, P. 3).

Upon consideration of the foregoing the Court finds that, despite Plaintiff's attempt to distinguish this case from his prior action, the basis of the suit remains a contractual dispute between Plaintiff and Defendant.  Therefore, because Plaintiff seeks damages in an amount greater than $10,000.00, the Court of Federal Claims has exclusive jurisdiction over Plaintiff's claim.  *See* 28 U.S.C. § 1491(a)(1); *Mullally*, 95 F.3d at 14.  Defendant's Motion for Change of Venue will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion for Change of Venue (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER**  this case to the Court of Federal Claims.  *See* 28 U.S.C. § 1491.

**IT IS FURTHER ORDERED** that Defendant United States of America's Motion to Dismiss (ECF No. 8) is **DENIED** without prejudice.

Dated this 2nd day of November, 2023.

_____<br>
RODNEY H. HOLMES<br>
UNITED STATES MAGISTRATE JUDGE